IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DIENNE SENJEA,                                    *

Plaintiff,                                        *

v.                                                *

                                       Civil Action No. AAQ-24-1967

GAINWELL TECHNOLOGIES LLC,            *

Defendant.                                        *

                                   ***

## <u>MEMORANDUM OPINION</u>

This is a case concerning a woman who alleges that her employment was terminated on account of her gender.  Pending before the Court is Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File a Second Amended Complaint.  ECF Nos. 12 and 32.  Plaintiff concedes that she failed to file her Complaint within ninety days of receiving a right to sue letter from the U.S. Equal Employment Opportunity Commission (EEOC).  Nonetheless, Plaintiff argues that the Court should equitably toll the deadline for filing her claim on account of general financial and emotional stress she experienced after her termination.  Accepting these allegations as true, they fail to meet the standard required to justify equitable tolling.  Accordingly, Defendant's Motion to Dismiss shall be granted and Plaintiff's Motion for Leave to Amend shall be denied.

## BACKGROUND

According to Plaintiff's proposed Second Amended Complaint, on July 13, 2022, Defendant Gainwell Technologies LLC hired Plaintiff on a "contract to hire" basis.  ECF No. 32-2, at 2.  Plaintiff alleges that during her employment, she consistently experienced harassment based on her gender.  *Id.* at 2–3.  Specifically, Plaintiff alleges that Defendant paid her less than her male counterparts, before eventually terminating her employment for the same discriminatory

reason.  *Id.* at 3–4.  Although Defendant defended the termination as part of a reduction in workforce, Defendant posted an opening for the position approximately one month later.  *Id.* at 3.  According to Plaintiff, Defendant eventually filled the position with a male employee.  *Id.*  The impact of the termination is discussed briefly in the Complaint.  *Id.* at 4.  "The transition caused substantial financial strain, emotional distress and loss of self-esteem.  Plaintiff sought support from religious organizations and medical care to address the resulting stress and health issues."  *Id.*  As a result of the professional and personal hardship, "[Plaintiff] was forced to change career paths from database administration to cybersecurity and is currently pursuing a master's degree in Cybersecurity at the University of Maryland Global Campus (UMGC)."  *Id.*

Plaintiff explicitly admits that she "filed a Charge with the Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue on April 8, 2024."  *Id.*  On July 9, 2024, Plaintiff filed her original Complaint in the case, at that time proceeding *pro se*.  *Id.*  On May 28, 2025, Plaintiff filed an Amended Complaint, alleging that Defendant wrongfully terminated her because of her gender in violation of Title VII of the Civil Rights Act.  ECF No. 9.  On September 9, 2025, Defendant moved to dismiss the case, arguing among other things, that Plaintiff failed to file suit within ninety days of receiving a Notice of Right to Sue from the EEOC.  ECF No. 12-1, at 7.  On October 2, 2025, Plaintiff sought an extension of the time-period to respond to Defendant's Motion.  ECF No. 20.  After a status conference, the Court granted the Motion. ECF No. 24.  On November 19, 2025, all parties agreed to proceed before the undersigned for the purpose of all further proceedings in the case at the trial level.  ECF No. 28.

On January 7, 2026, counsel entered her appearance on Plaintiff's behalf.  ECF No. 29.  On January 21, 2026, Plaintiff filed a second request for an extension of time to respond to Defendant's Motion to Dismiss.  ECF No. 30.  The Court again granted the Motion.  ECF No. 35.

2

The same day, Plaintiff filed her Opposition.  ECF No. 31.  In response to Defendant's arguments

regarding the applicable statute of limitations, Plaintiff argued that the Court should equitably toll

the deadline:

> As a result of the Plaintiff's termination by the Defendant, the Plaintiff suffered from depression, anxiety, faced homelessness, reputational harm, inability to continue pursuing her education, inability to obtain new employment, and financial ruin.  In sum, every aspect of her life was utterly destroyed as a result of the Defendant's unlawful actions.  Plaintiff's failure to comply with applicable timeframes was not due to a simple unawareness of the timeframes or a delay in the mail as implied by the cases cited by the Defendant.  Plaintiff's delay was the result of an entire upheaval of her life and living situation that directly resulted from the misconduct of the Defendant when they unlawfully terminated her because of her sex.

*Id.* at 7.  No support was provided for any of the assertions therein.  Nor did Plaintiff cite any

caselaw regarding the applicability of equitable tolling under the circumstances Plaintiff has

identified.

On January 30, 2026, Plaintiff moved for leave to file a Second Amended Complaint.  ECF

No. 32.  Although the proposed Second Amended Complaint added additional detail regarding

Plaintiff's claim, it continued to admit, on its face, that Plaintiff failed to comply with the

requirement that Plaintiff file her complaint within ninety days of receipt of a Notice of Right to

Sue from the EEOC.  ECF No. 32-2, at 4.  On February 4, 2026, Defendant filed its Reply in

Support of its Motion to Dismiss.  ECF No. 33.  Therein, Defendant stated its opposition to

Plaintiff's Motion for Leave to Amend because any amendment would be futile.  *Id.* at 5–6.  On

February 12, 2026, Defendant filed a formal Opposition to Plaintiff's Motion for Leave to Amend,

again noting that amendment would be futile on account of Plaintiff's failure to file a timely

complaint.  ECF No. 34, at 1.  The time for any Reply in Support of Plaintiff's Motion for Leave to Amend has since passed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides that a party may move to dismiss where the Plaintiff has "fail[ed] to state a claim upon which relief can be granted."  When ruling on a motion to dismiss, the court considers whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court will consider whether the plaintiff has pled factual content allowing reasonable inferences to be drawn that the defendant is "liable for the misconduct alleged."  *Id.*  The plaintiff need not plead facts that are probable but must present facts showcasing more than a "sheer possibility" that the defendant's conduct is unlawful.  *Id.*  The plaintiff has an obligation to provide more than "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Pleadings that present "no more than conclusions" will not be "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  Courts must construe a self-represented party's pleadings liberally, though a "liberal construction does not mean overlooking the pleading requirements of the Federal Rules of Civil Procedure."  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

In addition to the face of the complaint, upon a motion to dismiss, a court may consider other materials, such as exhibits "explicitly incorporated into the complaint by reference and those attached to the complaint[,]" *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019), as well as documents attached to the motion to dismiss so long as they are integral to the Complaint.  *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).  A court may also "take judicial notice of docket entries, pleadings[,] and papers in other

cases without converting a motion to dismiss into a motion for summary judgment," so long as those facts are construed in the light most favorable to the non-movant. *Brown v. Ocwen Loan Servicing, LLC*, No. PJM 14-3454, 2015 WL 5008763, at \*1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x 200 (4th Cir. 2016); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed v. Town of Gilbert*, 576 U.S. 155 (2015). *See also Baugh v. Fed. Savs. Bank*, No. RDB-17-1735, 2018 WL 638252, at \*5–6 (D. Md. Jan. 31, 2018) (considering materials outside of the complaint to resolve a statute of limitations defense at the motion to dismiss stage), *reversed on other grounds by Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535 (4th Cir. 2019).

## ANALYSIS

Defendant advances several arguments in support of its Motion to Dismiss; however, the Court need only address one. Plaintiff concedes in her Complaint that she failed to file her initial federal Complaint within ninety days of receipt of the Notice of Right to Sue as federal law requires.[1] *See* 42 U.S.C. § 2000e-5(f)(1); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). Plaintiff's general allegations regarding the impact of her termination on her finances and emotional state are insufficient under Fourth Circuit precedent to justify equitable tolling of the deadline.

---

[1] In her Second Amended Complaint, Plaintiff does not state that she timely filed her Complaint within ninety days of receiving notice, but instead states that she "received a Notice of Right to Sue on April 8, 2024" and "originally filed her complaint for wrongful termination on July 9, 2024." ECF No. 32-2, at 4. Therefore, Plaintiff's argument that "factual questions remain regarding when Plaintiff actually received the right to sue notice[,]" ECF No. 31, at 10, is inaccurate as the date of receipt is not in dispute. *See Dixon v. Digit. Equip. Corp.*, 976 F.2d 725, 1992 WL 245867, at \*1 (4th Cir. Sep. 30, 1992) (holding the EEOC notice date is not in dispute when the plaintiff admitted when he received the notice); *Baker v. Regan*, No. 1:23cv91, 2024 WL 2891474, at \*4 (M.D.N.C. June 10, 2024) (holding the date of receipt is not in dispute when the complaint notes the date plaintiff received the notification).

At the motion to dismiss stage, courts typically do not resolve affirmative defenses based on a statute of limitations. *State Farm Mutual Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 557 (D. Md. 2019). It is "relatively rare" for facts in a complaint to be sufficient to support ruling on an affirmative defense at the motion to dismiss stage. *Id.* However, a court may grant a motion to dismiss based on "the assertion that the cause of action is barred by the statute of limitations" when "it is clear from the facts and allegations on the face of the complaint that the statute of limitations has run." *Id.*

If, in the complaint and other materials appropriate to consider, a plaintiff alleges facts that "support a plausible argument for equitable tolling," then a court cannot dismiss the complaint as time barred. *See Hill v. Carvana*, No. 1:22-cv-37, 2022 WL 1604126, at *3 (M.D.N.C. Apr. 5, 2022); *Blackburn v. A.C. Israel Enters.*, No. 3:22-cv-146, 2023 WL 4710884, at *10 (E.D. Va. July 24, 2023) (holding that, although the claims were clearly filed outside of the limitations period, "[b]ecause the Amended Complaint allege[d] facts sufficient to show that an equitable tolling doctrine may apply to toll the . . . statute of limitations, the Court [would] not dismiss [the] claims at the motion to dismiss stage."). Plaintiff alleges her claim should benefit from such treatment.

Equitable tolling allows a plaintiff to avoid a statute of limitations period when the plaintiff shows "(1) that [they have] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way and prevented timely filing." *Edmonson*, 922 F.3d at 548 (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). The second element of equitable tolling is generally fulfilled in two circumstances: "first, when 'the plaintiff[] [was] prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' and second, when 'extraordinary circumstances beyond [the plaintiff's] control made

it impossible to file the claims on time.'" *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  Whether equitable tolling is appropriate "hinges on the facts and circumstances of each particular case." *Harris*, 209 F.3d at 329.  Equitable tolling is appropriate only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016).

As an initial matter, Plaintiff's request for equitable tolling fails because neither her Second Amended Complaint, nor her Opposition to Defendant's Motion to Dismiss present any allegation or argument that she diligently pursued her rights. *See Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) ("Equitable tolling is not appropriate, however, whe[n] the claimant failed to exercise due diligence in preserving [her] legal rights." (internal quotation marks omitted)).  The Second Amended Complaint, as well as the Opposition is entirely silent as to what action, if any, Plaintiff took during the ninety days between her receipt of the Notice of Right to Sue and the lapse of the ninety-day period during which the law requires that she have filed her Complaint. Accordingly, Plaintiff has failed to present any plausible argument on this point.

Nonetheless, even if Plaintiff had presented a plausible argument that she had been diligently pursuing her rights, this Court, as well the Fourth Circuit have held that the types of barriers Plaintiff identifies do not constitute extraordinary circumstances sufficient to justify equitable tolling.  First, Plaintiff's general allegations of "financial ruin" and "substantial financial strain" are insufficient to constitute extraordinary circumstances. *See Bonsall v. West*, No. PWG-19-2929, 2022 WL 3156233, at *1 (D. Md. Aug. 8, 2022) (rejecting request for equitable tolling where plaintiff's "family experienced extreme financial and medical hardship throughout his sentence and the pendency of these proceedings" including "his mother's heart and knee surgeries,

medical bills, and difficulty retaining counsel because of limited financial resources."); *Braz v. Delta Airlines, Inc.*, No. 18-cv-06162-JST, 2019 WL 2059658, at *2 (N.D. Cal. May 9, 2019) ("Nor is the Court aware of any authority that financial hardship . . . warrant[s] equitable tolling. . . ."). The Court does not conclude, as a general matter, that financial hardship will never be sufficient to justify equitable tolling. However, for it to meet the relevant standard, it must be more than the type of financial stress almost all individuals experience when they lose employment. The circumstances must be, as the Fourth Circuit has highlighted, "extraordinary."

Second, although the Court sympathizes with Plaintiff, the endurance of psychological and emotional difficulties alone does "not meet the standard for extraordinary circumstances necessary" to toll a statute of limitations. *Parker v. Loyola Univ. Md.*, No. 21-cv-03105-LKG, 2022 WL 16553227, at *4 (D. Md. Oct. 31, 2022). *See Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (affirming the denial of equitable tolling where the plaintiff "argue[d] that his medical condition during the limitations period [was] an extraordinary circumstance beyond his control that prevented him from filing on time" because he "provide[d] no reason why his medical condition barred him from filing his habeas petition" on time); *United States v. Taylor*, No. 01-7114, 2001 WL 1545911, at *1 (4th Cir. Dec. 5, 2001) ("We find that [Plaintiff's] untimely and conclusory allegations of illness are insufficient to equitably toll the statute of limitations."); *Fletcher v. Carter*, No. PX-15-3897, 2018 WL 11423003, at *1 (D. Md. Mar. 29, 2018) (holding that the plaintiff's health conditions were insufficient to toll the statute of limitations and citing Federal Circuit authority that "equitable tolling for physical illness is inappropriate unless the physical infirmity prevented the party from engaging in rational thought or deliberate decision-making, or rendered the party incapable of handling his own affairs or unable to function in society"). "As a general manner, the federal courts will apply equitable tolling because of a

[plaintiff]'s mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004); *see also Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) ("Courts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent."). Plaintiff's general allegations of emotional stress are insufficient to meet this standard. *See Nesbit-Harris v. Jackson*, No. 3:07CV696, 2008 WL 2329173, at \*4 (E.D. Va. Jun. 3, 2008) ("[C]onclusory and generally unsupported allegations of mental illness are insufficient to justify equitable tolling. . . .").

Finally, Plaintiff's own allegations undercut Plaintiff's claims regarding her inability to file her Complaint in a timely manner. As Plaintiff concedes, despite any financial and emotional difficulties after the end of her employment, she was able to file a complaint with the EEOC. ECF No. 32-2, at 4. Additionally, though Plaintiff argues in her Opposition that she "faced homelessness", ECF No. 31, at 7, she has successfully transitioned into the field of cybersecurity and is currently taking graduate-level courses at the University of Maryland Global Campus, ECF No. 32-2, at 4.

The Fourth Circuit has cautioned that the application of the equitable tolling doctrine must be "guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes." *Harris*, 209 F.3d at 330. As this Court recently stated, "[t]he rare instances reserved for equitable tolling, include cases where a claimant suffers from profound mental incapacity, where they live under a regime that deprives them of a judicial remedy, or where their attorney engages in serious misconduct such as ma[king] misrepresentations to the [plaintiff], disregard[ing] the [plaintiff's] instructions, refus[ing] to return documents, or abandon[ing] the [plaintiff's] case." *Fletcher v. Bezos*, No. DLB-24-2350, 2025 WL 3240080, at \*3 (D. Md. Nov.

9

20, 2025) (internal citations and quotation marks omitted). Considering the strict standard the Court must apply to arguments for equitable tolling, the doctrine is inapplicable here. *See Ramsey v. Broadway Services, Inc.*, No. SAG-19-3245, 2020 WL 6684870, at \*1 (D. Md. Nov. 12, 2020) ("Plaintiff does not allege any type of inducement or trickery . . .. Thus, there is no basis for equitable tolling, and his claims are barred as untimely.").

### CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is, hereby, granted, and Plaintiff's Motion for Leave to File an Amended Complaint is, hereby, denied.

A separate Order shall follow.

Date:   May 28, 2026

_____/s/_____
Ajmel A. Quereshi
United States Magistrate Judge

10